IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIE KUNDERT, et al.,<br><br>            Plaintiffs,<br><br>    v.<br><br>SMITHKLINE BEECHAM<br> CORPORATION, et al.,<br><br>            Defendants. | CV F 04-5020 AWI TAG<br><br>**ORDER DISMISSING ACTION FOR LACK OF PROSECUTION** |

On January 7, 2004, Defendant removed this action to this court. On February 6, 2004, the court dismissed the United States from this action and stayed further proceedings. On January 5, 2007, the Clerk of the Court issued a minute order setting a February 20, 2007 hearing date to determine if this action should be dismissed for lack of prosecution. The order stated any opposition to dismissal was to be filed five court days prior to the hearing. No opposition was timely filed. The case was called during the court's afternoon calender on February 20, 2007, but no party appeared.

A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action or failure to obey a court order. See, e.g., Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9thCir. 1992). In determining whether to dismiss an action for lack of prosecution the court must consider several factors, including: (1) the public's interest in expeditious resolution of litigation;(2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4)

the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995); Ferdik, 963 F.2d at 1260-61.

At this time, the court finds dismissal of this action for Plaintiff's failure to prosecute is appropriate. The public's interest in expeditiously resolving this litigation and the court's interest in managing the docket weigh in favor of dismissal. This action has been pending for three years. No party has filed a document with this court in three years. The court cannot manage its docket if it maintains cases in which the plaintiff has failed to litigate its case. The public's interest in the expeditious resolution of litigation weighs heavily in favor of dismissal of such cases so that the court's limited resources may be spent on cases in which the litigant is actually proceeding. Public policy favoring disposition of cases on their merits also has little or no weight in actions where the parties have not contacted the court in three years. The availability of less drastic sanctions has been considered, but given that no party has not contacted the court in three years and no party responded to the court's January 5, 2007 order, the court has no effective sanction but to close the case. The January 5, 2007 order informed Plaintiff that any opposition to dismissal must be filed by February 12, 2007 and it must appear at the February 20, 2007 hearing. Finally, the risk of prejudice to Defendant also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976).

Accordingly, the court ORDERS that:

    1. This action is DISMISSED for Plaintiff's failure to prosecute; and

    2. The Clerk of the Court is DIRECTED to close the case.

IT IS SO ORDERED.

**Dated:**   **February 21, 2007**         /s/ Anthony W. Ishii
0m8i78                                    UNITED STATES DISTRICT JUDGE